IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CT-3119-D

| | | |
|---|---|---|
| KEITH W. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MARY LOCKLEAR, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On May 21, 2025, Keith W. Jones ("Jones" or plaintiff), a state inmate proceeding pro se
and in forma pauperis, filed a complaint under 42 U.S.C. § 1983, alleging violations of his Eighth
and Fourteenth Amendment rights [D.E. 1, 2, 6]. The court grants in part Jones's motion to amend
his complaint [D.E. 4], and dismisses Jones's claims against defendant Lieutenant J. Hunt without
prejudice. See Fed. R. Civ. P. 41(a)(2); Simmons v. City of Southport N. Carolina, No.
7:21-CV-130, 2023 WL 2978842, at *1 (E.D.N.C. Apr. 17, 2023) (unpublished); S. Bank & Trust
Co. v. Laburnum Hotel Partners, LLC, No. 2:13cv216, 2014 WL 3052535, at *5 (E.D. Va. July 3,
2014) (unpublished).[1] As explained below, the court dismisses the action.

I.

When a prisoner seeks relief in a civil action from a governmental entity or officer, a court
must review and dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon

---

[1] To the extent Jones seeks the court's assistance with "add[ing] the full names of" six
other defendants, [D.E. 4] 1, the court denies the motion as moot. The court also denies Jones's
request for appointed counsel. See [D.E. 1] 14.

which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1). A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Legally frivolous claims are based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of a pleading is flexible, "and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not undermine the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 678–83 (2009); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

Jones is incarcerated at Neuse Correctional Institution. See [D.E. 8]. The allegations of Jones's complaint occurred at Lumberton Correctional Institution ("Lumberton"). See Compl. [D.E. 1] 7. Jones alleges that, in June 2024, three John Doe defendants employed by a construction company "dug out a 5 to 6 ft hole in depth, 6 to 7 ft in length and about 4 to 5 ft in width[]" in a prison yard. Id. at 7. These three defendants "intentionally did not put safety caution cones or caution tape around the hole" and did not cover the hole "to prevent an incident[]" even though they "had plenty of time to" do so. Id.

2

Thereafter, the yard was closed for approximately one week, when defendant Carter, a Lumberton correctional officer, "opened up the . . . yard for recreation and canteen" without safety precautions around the hole. Id. Jones, who suffers from a medical condition requiring him to walk with a cane, entered the yard. See id. at 8. Jones stepped off a sidewalk to allow another inmate to pass him, lost his balance, and "fell to the bottom of the hole" causing significant physical injuries. Id. A second inmate "called out to . . . Carter and [defendant] officer Lewis who was posted at the . . . gate[,]" and Carter radioed for medical assistance. Id. at 8–9.

In addition to the John Doe construction workers, Carter, and Lewis, Jones names as defendants Lumberton Warden Locklear, Captain of Operation Security Jason Hunt, and Captain of Operation Security Odom. See id. at 3–6. Jones alleges that these three defendants "had constructive knowledge of the hole" and "acted with deliberate indifference . . . under the guise of performing [their] duties as . . . custodial caretaker[s.]" Id. at 9–10. Jones seeks declaratory relief, injunctive relief, and compensatory, punitive, and ancillary damages. See id. at 14–16.

"To state a claim under [section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); see Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Additionally, a section 1983 plaintiff must plausibly allege the personal involvement of a defendant. See, e.g., Iqbal, 556 U.S. at 676; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

To survive frivolity review on a claim that prison conditions violate the Eighth Amendment, a plaintiff must plausibly allege "(1) that the deprivation of a basic human need was objectively sufficiently serious, and (2) that subjectively the officials acted with a sufficiently

3

culpable state of mind." De'lonta v. Johnson, 708 F.3d 520, 525 (4th Cir. 2013) (alterations omitted); see In re Long Term Admin. Seg. of Inmates Designated as Five Percenters, 174 F.3d 464, 471 (4th Cir. 1999), abrogated on other grounds by Porter v. Clarke, 923 F.3d 348 (4th Cir. 2019); Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997); Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993). A prisoner must show that "the deprivation of [a] basic human need was objectively sufficiently serious." Strickler, 989 F.2d at 1379 (emphasis and quotation omitted). "Only an extreme deprivation, that is, a serious or significant physical or emotional injury resulting from the challenged conditions, or substantial risk thereof, will satisfy the objective component of an Eighth Amendment claim challenging the conditions of confinement." De'lonta, 708 F.3d at 525 (quotation omitted); see Rish, 131 F.3d at 1096.

A prisoner must also show that the prison official subjectively acted with deliberate indifference to the inmate's health or safety. See, e.g., Farmer v. Brennan, 511 U.S. 825, 834–35 (1994); De'lonta, 708 F.3d at 525; Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998); Strickler, 989 F.2d at 1379. Although "deliberate indifference entails something more than mere negligence, . . . it is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer, 511 U.S. at 835; see Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008); Parrish ex rel. Lee v. Cleveland, 372 F.3d 294, 303 (4th Cir. 2004). Deliberate indifference requires that an official actually know of and disregard an objectively serious condition, medical need, or risk of harm. See Farmer, 511 U.S. at 837; De'lonta, 708 F.3d at 525. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837; see Makdessi v. Fields, 789 F.3d 126, 133–35 (4th Cir. 2015). A prisoner's failure to give advance warning of, or protest exposure to, the risk does not conclusively

4

show that a prison official lacked actual knowledge.  See Makdessi, 789 F.3d at 134–35.  Instead, "[a] prison official's subjective actual knowledge can be proven through circumstantial evidence."  Id. at 133.  "[A]n injury might be so obvious that the factfinder could conclude that the guard did know of it because he could not have failed to know of it."  Id.  In addition, the prison official "must also have recognized that his actions were insufficient to mitigate" the objectively serious condition, medical need, or risk of harm.  Iko, 535 F.3d at 241 (quotation and emphasis omitted).  "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause."  Whitley v. Albers, 475 U.S. 312, 319 (1986), abrogated on other grounds by Wilkins v. Gaddy, 559 U.S. 34 (2010); see Wilson v. Seiter, 501 U.S. 294, 298–99 (1991).  Thus, deliberate indifference "sets a particularly high bar to recovery."  Iko, 535 F.3d at 241.

Jones has failed to plausibly allege that any defendant acted with deliberate indifference to his safety.  Thus, Jones fails to state a constitutional violation.  See LaRue v. WV Div. of Corr. & Rehab., No. 2:20-CV-151, 2020 WL 4437470, at *3 (S.D. W. Va. Aug. 3, 2020) (unpublished); Watkins v. Ricci, No. 13-2169, 2014 WL 1383859, at *2 (D.N.J. Apr. 8, 2014) (unpublished); White v. Hamilton Cnty. Jail, No. 1:08-CV-53, 2011 WL 864855, at *6 (E.D. Tenn. Mar. 10, 2011) (unpublished); cf. Reynolds v. Dormire, 636 F.3d 976, 980 (8th Cir. 2011); Morgan v. Morgensen, 465 F.3d 1041, 1047 (9th Cir. 2006), opinion amended on reh'g, No. 04-35608, 2006 WL 3437344 (9th Cir. Nov. 30, 2006); Major v. Benton, 647 F.2d 110, 113 (10th Cir. 1981).  At most, Jones's allegations sound in negligence, which is not actionable under section 1983.  See, e.g., Daniels v. Williams, 474 U.S. 327, 330–32 (1986); Covenant Media of S.C., LLC v. City of North Charleston, 493 F.3d 421, 436 (4th Cir. 2007); Pink v. Lester, 52 F.3d 73, 77–78 (4th Cir. 1995).

5

Jones has also failed to state a claim against Locklear, Jason Hunt, and Odom based on their supervisory roles. The doctrine of respondeat superior generally does not apply to a section 1983 action. See, e.g., Iqbal, 556 U.S. at 676–77; Monell, 436 U.S. at 691–94; King v. Riley, 76 F.4th 259, 269 (4th Cir. 2023); Carter v. Morris, 164 F.3d 215, 220–21 (4th Cir. 1999), abrogated on other grounds by Wilkins v. Gaddy, 559 U.S. 34 (2010); Shaw v. Stroud, 13 F.3d 791, 798–99 (4th Cir. 1994). Instead, where a defendant is sued on the basis of supervisory liability, "[a] plaintiff must show actual or constructive knowledge of a risk of constitutional injury, deliberate indifference to that risk, and an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." Carter, 164 F.3d at 221 (quotations omitted); see King, 76 F.4th at 269; Shaw, 13 F.3d at 799. Jones has not plausibly alleged facts sufficient to state a claim based on supervisory liability. See Reynolds, 636 F.3d at 981; Roehler v. Lundy, No. 2:24-CV-1269, 2024 WL 5273677, at *3 (C.D. Cal. Oct. 31, 2024) (unpublished), report and recommendation adopted, 2024 WL 5273267 (C.D. Cal. Dec. 30, 2024) (unpublished); cf. Shaw, 13 F.3d at 799; Beebe v. Davids, No. 1:24-CV-838, 2024 WL 4023479, at *5 (W.D. Mich. Sept. 3, 2024). And Lewis did not "violate[] [Jones']s constitutional rights simply by being on duty in the vicinity of his accident at the time he injured himself." Reynolds, 636 F.3d at 980. Thus, the court dismisses the action.

## II.

Jones requests appointment of counsel. See Compl. 14. There is no right to counsel in civil cases absent "exceptional circumstances." Jenkins v. Woodard, 109 F.4th 242, 247 (4th Cir. 2024); Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Ct., 490 U.S. 296, 300 n.2 (1989); Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances depends upon "the type and

complexity of the case, and the abilities of the individuals bringing it." Whisenant, 739 F.2d at 163 (quotation omitted); see Riddick v. Barber, 109 F.4th 639, 651 (4th Cir. 2024). A court must determine "(1) whether the plaintiff has a colorable claim and (2) considering the claim's objective complexity and the plaintiff's subjective abilities, whether the plaintiff lacks the capacity to present it." Jenkins, 109 F.4th at 247 (quotations omitted). If the court answers both questions "affirmatively, the case presents exceptional circumstances." Id.

This case does not present exceptional circumstances. Jones has demonstrated through his filings that he has the capacity to present his claims, and has not presented a colorable claim. Accordingly, the court denies the request.

### III.

In sum, the court GRANTS IN PART plaintiff's motion to amend, and DISMISSES WITHOUT PREJUDICE plaintiff's claims against Lieutenant J. Hunt pursuant to Fed. R. Civ. P. 41(a)(2). The court DENIES plaintiff's request for appointment of counsel, and DISMISSES WITHOUT PREJUDICE all other claims and defendants for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1). The clerk shall close the case.

SO ORDERED. This _20_ day of August, 2025.

JAMES C. DEVER III
United States District Judge